**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-4535**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JAMELL MASON, a/k/a JAH, a/k/a Tremaine Mason,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  John Preston Bailey, Chief District Judge.  (3:09-cr-00087-JPB-DJJ-6)

———————

Submitted:  January 31, 2012      Decided:  February 16, 2012

———————

Before SHEDD, AGEE, and DIAZ, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Stephen D. Herndon, Wheeling, West Virginia, for Appellant. William J. Ihlenfeld, II, United States Attorney, Erin K. Reisenweber, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jamell Mason pled guilty to two counts of possession of heroin with intent to distribute, in violation of 21 U.S.C.A. § 841(a)(1), (b)(1)(C) (West Supp. 2011), and was sentenced as a career offender to a term of 210 months imprisonment. See U.S. Sentencing Guidelines Manual § 4B1.1 (2010). Counsel for Mason has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising seven issues on Mason's behalf and questioning the district court's denial of a competency evaluation requested by the government and its denial of Mason's suppression motion. Counsel states, however, that he has found no meritorious grounds for appeal. Mason has filed a pro se supplemental brief raising four constitutional issues, which he states he wishes to reserve for a later motion to vacate under 28 U.S.C.A. § 2255 (West Supp. 2011). We affirm.

To the extent that the validity of Mason's guilty plea is before us, we are satisfied that it was a knowing and voluntary plea. Because Mason did not seek to withdraw his plea, any error in the Fed. R. Crim. P. 11 hearing is reviewed for plain error. United States v. Martinez, 277 F.3d 517, 525-26 (4th Cir. 2002). We have reviewed the record of the Rule 11 colloquy before the magistrate judge, to which Mason consented, which occurred after a jury had been empanelled for Mason's trial. We conclude that the magistrate judge adequately

2

complied with Rule 11. Mason's remaining claims are without merit. He was correctly sentenced as a career offender, which was the determining factor in setting his Guidelines range. The district court's decision not to depart below the Guidelines range is not reviewable. United States v. Brewer, 520 F.3d 367, 371 (4th Cir. 2008). The court's denial of a three-level adjustment for acceptance of responsibility, USSG § 3E1.1, which Mason did not request, is not plain error. The record does not establish conclusively that Mason's attorney was ineffective; therefore this claim is not properly raised on direct appeal. United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). By pleading guilty, Mason waived his right to contest any pre-indictment delay in his prosecution. Tollett v. Henderson, 411 U.S. 258 (1973). No error appears in the district court's decision, following a hearing, that Mason was competent to stand trial and its consequent denial of the government's motion for a psychological evaluation. The court's denial of Mason's motion to suppress all evidence obtained during his search and arrest is an issue that Mason waived when he entered his guilty plea.

We therefore affirm the conviction and sentence imposed by the district court. In accordance with Anders, we have reviewed the entire record in this case and the ripe issues raised in Mason's pro se supplemental brief and have found no

meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. Finally, we dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED